IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | CASE NO. 4:08CR85-ALM |
| vs. | § | |
| | § | |
| | § | |
| ROBERT PETERSEN (1) | § | |
| | § | |

### REPORT AND RECOMMENDATION
### ON REVOCATION OF SUPERVISED RELEASE

On June 6, 2018, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Alan Jackson. Defendant was represented by Assistant Federal Defender Ken Hawk.

*Background*

After pleading guilty to the offense of Possession of Sexually Explicit Visual Depictions of Minors, a Class C felony, Robert Petersen ("Defendant") was sentenced on June 9, 2009 by United States District Judge Richard A. Schell. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 32 and a criminal history category of I, was 121 to 151 months. Judge Schell sentenced Defendant to 120 months of imprisonment followed by a 5-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial restrictions, disclosure of all online account information, a portable electronic prohibition, Sex Offender Registration, restrictions from sexually explicit material, and a condition to search.

On July 26, 2017, Defendant completed his term of imprisonment and began service of the supervision term. The case was then re-assigned to United States District Judge Amos Mazzant on June 5, 2017. Defendant's conditions were modified on June 5, 2017 to include placement in a residential reentry center for a period of 180 days or until a residence was approved by the probation officer. Defendant's conditions were again modified on July 14, 2017 to include a condition for mental health treatment and a condition to comply with the Sex Offender Registration and Notification Act. A third modification to Defendant's conditions was made on December 18, 2017 to include an extension of placement in the residential reentry center, and that the subsistence requirement be waived while at the center.

*Allegations*

In the petition seeking to revoke Defendant's supervised release, filed on May 9, 2018, United States Probation Officer Ashley McKinney alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (standard condition 3**): **The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer**. It is alleged that on May 2, 2018, Defendant admitted that he failed to be truthful with the probation officer regarding his internet access and access to an unauthorized cellular telephone since approximately December 2017.

2. **Allegation 2 (special condition**): **The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense.** It is alleged that on May 2, 2018,

Defendant admitted that he failed to comply with the requirements of the Sex Offender Registration and Notification Act as directed by the state sex offender registration agency since February 2018, by failing to notify the registering agency of his Facebook account/profile and email address.

3. **Allegation 3 (special condition)**: **Under the guidance and direction of the U.S. Probation Office, the defendant shall participate in a sex offender treatment program which may include the application of physiological testing instruments.** It is alleged that on May 3, 2018, Defendant was discharged unsuccessfully from sex offender treatment for failing to comply with treatment rules, as reported by his sex offender treatment provider.

4. **Allegation 4 (special condition)**: **The defendant shall not purchase, possess, use, have contact with, or use devices to include cellular telephones with photographic capability, cellular telephones with internet capability, laptop computers, iPods, Personal Digital Assistants (PDAs), portable data storage devices such as thumb drives and Flash memory, or any other type of portable electronic device that is capable of communicating data via modem, wireless, or dedicated connected and shall also refrain from the purchase, possession, or use of digital cameras, digital recorders or any other type of recording and/or photographic equipment.** It is alleged that on May 2, 2018, Defendant admitted to accessing the internet on an unauthorized cellular telephone with internet capability on a daily basis since December 2017, and later admitted on May 7, 2018 that he purchased, possessed, and used an unauthorized cellular telephone with internet and photo capability since December 2017.

5. **Allegation 5 (special condition)**: **The defendant shall disclose all online account information, including user names and passwords, to the U.S. Probation Office and shall also, if requested, provide a list of all software/hardware on his/her computer, as well as telephone, cable, or Internet service provider billing records, and any other information deemed necessary by the probation office to monitor the defendant's computer usage.  The defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring his compliance with the imposed computer access/monitoring conditions.** It is alleged that on May 2, 2018, Defendant admitted to failing to disclose all online account information to the U.S. Probation Office, including a personal Facebook account and an email account since February 2018.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release.  Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation.  U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class C felony.  Accordingly, the maximum sentence the Court may impose is 2 years of imprisonment.  18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release as

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir.1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir.1994) (policy statements contained in Chapter 7 of the

alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was I. The Guidelines, therefore, provide that Defendant's guideline range for a Grade C violation is 3 to 9 months of imprisonment. U.S.S.G. § 7B1.4(a).

### *Hearing*

On June 6, 2018, Defendant appeared for his final revocation hearing. The parties announced that they reached an agreement for Defendant to enter a plea of true to Allegation 4 in the petition and to jointly request a sentence of 6 months of imprisonment to be followed by 5 years of supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 4 in the petition. Defendant requested a recommendation to the Bureau of Prisons to confine him at FCI Milan, Michigan to facilitate family visitation.

### *Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that the allegations in the petition is true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to 6 months of imprisonment to be followed by 5 years of supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

---

Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

## **RECOMMENDATION**

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 4 in the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to 6 months of imprisonment to be followed by 5 years of supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances. It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FCI Milan, Michigan.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to 6 months of imprisonment to be followed by 5 years of supervised release.

So ORDERED and SIGNED this 6th day of June, 2018.

_K. Nicole Mitchell_
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE