IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| | § | CASE NO. 4:08CR85-ALM |
| vs. | § § § § | |
| ROBERT PETERSEN (1) | § § | |

**REPORT AND RECOMMENDATION**
**ON REVOCATION OF SUPERVISED RELEASE**

On February 13, 2019, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Alan Jackson. Defendant was represented by Assistant Federal Defender Ken Hawk.

*Background*

After pleading guilty to the offense of Possession of Sexually Explicit Visual Depictions of Minors, a Class C felony, Robert Petersen ("Defendant") was sentenced on June 9, 2009 by United States District Judge Richard A. Schell. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 32 and a criminal history category of I, was 121 to 151 months. Judge Schell sentenced Defendant to 120 months of imprisonment followed by a 5-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial restrictions, disclosure of all online account information, a portable electronic prohibition, Sex Offender Registration, restrictions from sexually explicit material, and a condition to search.

On July 26, 2017, Defendant completed his term of imprisonment and began service of the supervision term. The case was then re-assigned to United States District Judge Amos Mazzant on June 5, 2017. Defendant's conditions were modified on June 5, 2017 to include placement in a residential reentry center for a period of 180 days or until a residence was approved by the probation officer. Defendant's conditions were again modified on July 14, 2017 to include a condition for mental health treatment and a condition to comply with the Sex Offender Registration and Notification Act. A third modification to Defendant's conditions was made on December 18, 2017 to include an extension of placement in the residential reentry center, and that the subsistence requirement be waived while at the center.

*Allegations*

In the petition seeking to revoke Defendant's supervised release, filed on January 16, 2019, United States Probation Officer Ashley McKinney alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (special condition): The defendant must not purchase, possess, have contact with, or use devices to include cellular telephones with photographic capability, cellular telephones with internet capability, laptop computers (other than a computer approved by the probation office which may be subject to monitoring), iPods, Personal Digital Assistants (PDAs), portable data storage devices such as thumb drives and Flash memory, or any other type of portable electronic device that is capable of communicating data via modem, wireless, or dedicated connection. The defendant must also refrain from the purchase, possession, or use of digital cameras, digital recorders, or any other type of recording and/or photographic equipment. The defendant must not use or own**

**any device (whether or not at his place of employment, residence, or elsewhere) that can be connected to the Internet or used to store digital materials other than that authorized by the probation officer. This includes, but is not limited to, desktop computers, laptops, PDAs, electronic games and cellular phones. The defendant must allow the U.S. Probation Office to install software designed to monitor activities. This may include, but is not limited to, software that may record any and all activity on the computers you may use, including the capture of keystrokes, application information, Internet use history, e-mail correspondence, and chat conversations. The defendant shall pay any costs related to the monitoring of his computer usage. The defendant must not possess or view any images in any form of media or in any live venue that depicts sexually explicit conduct. For the purpose of this special condition of supervision, the term "sexually explicit conduct" is as defined under 18 U.S.C. § 2256(2)(A) and is not limited to the sexual exploitation of children. The defendant must provide the probation officer with access to any requested financial information to determine if you have purchased, viewed, or possessed sexually explicit material. The defendant also must not attempt to remove, tamper with, or in any way circumvent the monitoring software. The defendant must not access any Internet Service Provider account or other online service using someone else's account, name, designation, or alias. The defendant must disclose all on-line account information, including user names and passwords, to the U.S. Probation Office. The defendant must also, if requested, provide a list of all software/hardware on your computer, as well as telephone, cable, or internet service provider billing**

**records, and any other information deemed necessary by the probation office to monitor your computer usage.** It is alleged that on January 14, 2019, Defendant was found to be in possession of an unauthorized cellular telephone with internet and photo capability (i.e. a "smartphone"), as reported by facility staff at the residential reentry center in Tyler, Texas. According to facility staff, the smartphone contained multiple pornographic images. Defendant also allegedly admitted to facility staff that he accessed the internet on the smartphone, along with a personal Facebook account that he failed to disclose to the probation officer since your release, after he was found to have a Facebook profile photo of a reentry center case manager saved to the cell phone.

2. **Allegation 2 (standard condition 3)**: **The defendant must answer truthfully the questions asked by his probation officer.** It is alleged that Defendant has been questioned by his probation officer multiple times throughout his supervision since his release on November 13, 2018 regarding his compliance with conditions and any possible violations. On November 14, 2018, Defendant allegedly reported to his probation officer that his previous Facebook account was deleted. On multiple occasions since his release, Defendant allegedly denied possession of a smartphone or accessing the internet.

3. **Allegation 3 (special condition)**: **The defendant must reside in a residential reentry center or similar facility, in a prerelease component for a period of up to 180 days, to commence upon release from confinement, and shall observe the rules of that facility. Upon securing a suitable residence approved by the U.S. Probation Office, the defendant shall be released from the facility. The subsistence requirement shall be waived while Defendant is at the center, and he**

**shall be required to save at least 25% of his gross income for the purpose of securing a personal residence.** It is alleged that Defendant admitted on January 10, 2019 that he failed to save at least 25% of his gross income for the purpose of securing a personal residence since his release date of November 13, 2018. It is also alleged that Defendant was unsuccessfully discharged from the center on January 16, 2019 for failing to observe the rules of the facility.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class C felony. Accordingly, the maximum sentence the Court may impose is 2 years of imprisonment. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was I. The Guidelines, therefore, provide that Defendant's guideline range for a Grade C violation is 3 to 9 months of imprisonment. U.S.S.G. § 7B1.4(a).

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir.1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir.1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

*Hearing*

On February 13, 2019, Defendant appeared for his final revocation hearing. The parties announced that they reached an agreement for Defendant to enter a plea of true to Allegation 2 in the petition and to jointly request a sentence of 12 months and 1 day of imprisonment to be followed by 5 years of supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 2 in the petition. Defendant agreed to surrender a cell phone that was previously confiscated by the probation officer for the purpose of its destruction. Defendant requested a recommendation to the Bureau of Prisons to confine him at FCI Milan, Michigan to facilitate family visitation.

*Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that the allegations in the petition is true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to 12 months and 1 day of imprisonment to be followed by 5 years of supervised release. The recommended sentence is greater than the non-binding guideline range but represents an appropriate disposition for Defendant's conduct. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

**RECOMMENDATION**

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 2 in the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**.

It is further recommended that Defendant be sentenced to 12 months and 1 day of imprisonment to be followed by 5 years of supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances. It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FCI Milan, Michigan.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to 12 months and 1 day of imprisonment to be followed by 5 years of supervised release.

So ORDERED and SIGNED this 13th day of February, 2019.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE