# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | CRIMINAL ACTION NO. 4:08-CR-85 |
| ROBERT PETERSON, | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on June 12, 2020, to determine whether Defendant violated his supervised release. Defendant was represented by Brian O'Shea. The Government was represented by Marisa Miller.

Robert Petersen was sentenced on June 9, 2009, before The Honorable Richard A. Schell of the Eastern District of Texas after pleading guilty to the offense of Possession of Sexually Explicit Visual Depictions of Minors, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 32 and a criminal history category of I, was 121 to 151 months. Robert Petersen was subsequently sentenced to 120 months imprisonment followed by 5 years supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure; sex offender treatment and testing; no contact with minors; computer monitoring and restrictions, to include disclosing all on-line account information; portable electronic prohibition; Sex Offender Registration; restrictions from sexually explicit material; and a condition to search. On July 26,

2017, Robert Petersen completed his period of imprisonment and began service of the supervision term. On June 5, 2017, Mr. Petersen's case was reassigned to the Honorable Amos L. Mazzant, and Mr. Petersen's conditions were modified to include placement in a residential reentry center for a period of 180 days or until a residence was approved by the probation officer. On July 14, 2017, Mr. Petersen's conditions were again modified to include a condition for mental health treatment and a condition to comply with the Sex Offender Registration and Notification Act. On December 18, 2017, Mr. Petersen's conditions were modified to include an extension of placement in the residential reentry center, and that the subsistence requirement be waived while at the center. On June 11, 2018, Mr. Petersen's supervised release was revoked due to violations relating to purchasing, possessing and using and unauthorized cellular telephone with photo and internet capability to access the internet in May 2018. He was subsequently sentenced to 6 months imprisonment followed by 5 years supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure; mental health treatment; sex offender treatment and testing; no contact with minors; computer monitoring and internet restrictions, including disclosing all on-line account information; restrictions from gaming consoles; portable electronics prohibition; Sex Offender Registration; restrictions from sexually explicit material; 180 days in the residential reentry center, to include saving at least 25% of his gross income; a financial management class; and a condition to search. On November 13, 2018, Mr. Petersen completed his period of imprisonment and began service of the current supervision term. On February 19, 2019, Mr. Petersen's supervised release was revoked due to violations relating to not being truthful with the probation officer regarding his Facebook account being deleted and possessing a smartphone or accessing the internet on multiple occasions since his release. He was subsequently sentenced to 12 months plus one day imprisonment followed by 5 years of supervised release subject to the

standard conditions of release, plus special conditions to include financial disclosure; mental health treatment; sex offender treatment and testing; no contact with minors; computer monitoring and internet restrictions, including disclosing all on-line account information; restrictions from gaming consoles; portable electronics prohibition; Sex Offender Registration; restrictions from sexually explicit material; 180 days in the residential reentry center, to include saving at least 25% of his gross income; a financial management class; and a condition to search. On November 22, 2019, Mr. Petersen completed his period of imprisonment and began service of the current supervision term.

On April 3, 2020, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 76, Sealed]. The Petition asserted that Defendant Mr. Petersen violated six (6) conditions of supervision, as follows: (1) the defendant must answer truthfully the questions asked by your probation officer; (2) the defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If the defendant does not have full-time employment the defendant must try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about defendant's work (such as defendant's position or job responsibilities), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change; (3) the defendant must not purchase, possess, have contact with, or use devices to include cellular telephones with photographic capability; cellular telephones with internet capability; laptop computers (other than a computer approved by the probation office which may be subject to monitoring); iPods; Personal Digital

Assistants (PDAs); portable data storage devices such as thumb drives and Flash memory; or any other type of portable electronic device that is capable of communicating data via modem, wireless, or dedicated connection. The defendant must also refrain from the purchase, possession, or use of digital cameras; digital recorders; or any other type of recording and/or photographic equipment. The defendant must not use or own any device (whether or not at defendant's place of employment, residence, or elsewhere) that can be connected to the Internet or used to store digital materials other than that authorized by the probation officer. This includes, but is not limited to, desktop computers, laptops, PDA's, electronic games, and cellular telephones. The defendant must not use any device other than the one defendant is authorized to use. The defendant must allow the U.S. Probation Office to install software designed to monitor activities. This may include, but is not limited to, software that may record any and all activity on the computers you may use, including the capture of keystrokes, application information, Internet use history, e-mail correspondence, and chat conversations. The defendant will pay any costs related to the monitoring of your computer usage; (4) the defendant must reside in a residential reentry center or similar facility, in a prerelease component for a period of up to 180 days, to commence upon release from confinement, and shall observe the rules of that facility. Upon securing a suitable residence approved by the U.S. Probation Office, the defendant shall be released from the facility. The subsistence requirement shall be waived while at the center, and the defendant shall be required to save at least 25% of your gross income for the purpose of securing a personal residence. The defendant must participate and complete a financial management class approved by the probation officer within the first six months of defendant's release to supervision; (5) the defendant must live at a place approved by the probation officer. If the defendant plans to change where the defendant lives or anything about defendant's living arrangements (such as the people defendant

lives with), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change; and (6) the defendant must participate in a sex offender treatment program, which may include the application of physiological testing instruments. The defendant must abide by all rules and regulations of the treatment program, until discharged. The probation officer, in consultation with the treatment provider, will supervise the defendant's participation in the program. The defendant must pay any cost associated with treatment and testing. Should the defendant fail to pay as directed, the defendant must perform 3 hours of community service for each unpaid session.

The Petition alleges that Defendant committed the following acts: (1) Mr. Petersen was untruthful with the probation officer regarding his efforts to save at least 25% of his gross income as required during the months of January 2020 and February 2020; (2) Mr. Petersen failed to maintain full-time employment since March 2, 2020 at which time he left his employment, as verified by his employer at Ran-Pro Farms, after missing multiple days of work in February 2020; (3) On March 31, 2020, Mr. Petersen was found to have accessed the internet without authorization, as evidenced by his active Facebook account, with recent posts dating from February 15, 2020, to posts dated approximately one week prior to the date of discovery. The account includes posts containing at least two images of a minor-aged female child, and at least one image of Mr. Petersen taking a photo of himself at the residential reentry center with an internet-capable "smartphone"; (4) Mr. Petersen failed to save at least 25% of his gross income as required during the months of January 2020 and February 2020. He reported gross income of $1140.75 for January and $661.50 for February, with a total required amount to be saved of

$450.56 since December 27, 2019. Mr. Petersen reported saving a total of $136.42 since that date. On March 31, 2020, Mr. Petersen failed to observe the rules of the residential reentry center as required, as he was found to have possession of a cellular flip phone while at the facility that contained images of nude adult men and women. He was also found to have accessed the internet during his term at the reentry center since February 2020, and on March 31, 2020, he left the facility without permission from facility staff, and his whereabouts are unknown; (5) On March 31, 2020, Mr. Petersen left the County Rehabilitation Center in Tyler, Texas without permission from facility staff, and failed to notify the probation officer of his location. Currently, he is considered an absconder and his whereabouts are unknown; and (6) On March 31, 2020, Mr. Petersen was discharged unsuccessfully from sex offender treatment for failing to comply with treatment rules, as reported by his treatment provider.

Prior to the Government putting on its case, Defendant entered a plea of true to allegation 3 of the Petition.  The Government dismissed the remaining allegations.  Having considered the Petition and the plea of true to allegation 3, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons for a term of nine (9) months and forty-nine (49) days of imprisonment, with five (5) years of supervised release to follow.

The Court further recommends the imposition of the standard conditions adopted by the Court and the re-imposition of special conditions originally imposed by the Court: (1) You must provide the probation officer with access to any requested financial information for purposes of monitoring efforts to obtain and maintain lawful employment; (2) You must participate in any combination of psychiatric, psychological, or mental health treatment programs, and follow the rules and regulations of that program, until discharged. This includes taking any mental health medication as prescribed by your treating physician. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing; (3) You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense; (4) You must participate in sex offender treatment services. These services may include psycho-physiological testing (i.e., clinical polygraph, plethysmograph, and the ABEL screen) to monitor your compliance, treatment progress, and risk to the community. You must abide by all rules and regulations of the treatment program, until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any costs associated with treatment and testing. Should you fail to pay as directed, you must perform 3 hours of community service for each unpaid session; (5) You must not have direct or indirect contact with children under the age of 18 unless supervised by an adult approved by the probation officer; (6) You must not possess or view any images in any form of media or in any live venue that depicts sexually explicit conduct. For the purpose of this special condition of supervision, the term "sexually explicit conduct" is as defined under 18 U.S.C. § 2256(2)(A) and is not limited to the sexual exploitation of children;

(7) You must provide the probation officer with access to any requested financial information to determine if you have purchased, viewed, or possessed sexually explicit material; (8) You must submit to a search of your person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning unlawful conduct or a violation of your conditions of supervision; (9) You must not use or own any device (whether or not at your place of employment, residence, or elsewhere) that can be connected to the Internet or used to store digital materials other than that authorized by the probation officer. This includes, but is not limited to, desktop computers, laptops, PDA's, electronic games, and cellular telephones. You must not use any device other than the one you are authorized to use. You must allow the U.S. Probation Office to install software designed to monitor activities. This may include, but is not limited to, software that may record any and all activity on the computers you may use, including the capture of keystrokes, application information, Internet use history, e-mail correspondence, and chat conversations. You will pay any costs related to the monitoring of your computer usage; (10) You must not use or possess any gaming consoles (including, but not limited to, Xbox, Playstation, Nintendo), or devices without prior permission from the probation officer; (11) If you reside in a household where a computer is present (i.e., it belongs to a parent, spouse, roommate, etc.), the owner of the computer must agree to allow the U.S. Probation Office to install software designed to monitor computer activities on such computer. This may include, but is not limited to, software that may record any and all activity on any computer you may use in the residence, including the capture of keystrokes, application information, Internet use history, e-mail correspondence, and chat conversations. You will pay any costs related to computer monitoring. You must advise anyone in your household that may use any

REPORT AND RECOMMENDATION – Page 8

computer in question that monitoring software has been installed; (12) You must not attempt to remove, tamper with, or in any way circumvent the monitoring software. You must not access any Internet Service Provider account or other online service using someone else's account, name, designation, or alias. You must disclose all on-line account information, including user-names and passwords, to the U.S. Probation Office. You must also, if requested, provide a list of all software/hardware on your computer, as well as telephone, cable, or Internet service provider billing records, and any other information deemed necessary by the probation office to monitor your computer usage; (13) You must not purchase, possess, have contact with, or use devices to include cellular telephones with photographic capability; cellular telephones with internet capability; laptop computers (other than a computer approved by the probation office which may be subject to monitoring); iPods; Personal Digital Assistants (PDAs); portable data storage devices such as thumb drives and Flash memory; or any other type of portable electronic device that is capable of communicating data via modem, wireless, or dedicated connection. You must also refrain from the purchase, possession, or use of digital cameras; digital recorders; or any other type of recording and/or photographic equipment; (14) You must reside in a residential reentry center or similar facility, in a prerelease component for a period of up to 180 days, to commence upon release from confinement, and shall observe the rules of that facility. Upon securing a suitable residence approved by the U.S. Probation Office, you shall be released from the facility. The subsistence requirement shall be waived while at the center, and you shall be required to save at least 25% of your gross income for the purpose of securing a personal residence and provide verification of such to the probation officer; and (15) You must participate in and complete a financial management class approved by the probation officer within the first six months of your release to supervision.

The Court also recommends that Defendant be housed in a Bureau of Prisons facility in Michigan (Milan), if appropriate.

**SIGNED this 7th day of July, 2020.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE