# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | Criminal Action No.  4:08-CR-85 |
| v. | § | (Judge Mazzant) |
| | § | |
| ROBERT PETERSEN | § | |

**MEMORANDUM ADOPTING REPORT AND**
**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the above-referenced criminal action, the Court having heretofore referred the request for the revocation of Defendant's supervised release to the United States Magistrate Judge for proper consideration.  The Court has received the Report and Recommendation of the United States Magistrate Judge pursuant to its order.  Defendant having waived allocution before the Court as well as his right to object to the report of the Magistrate Judge, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct.

It is therefore **ORDERED** that the Report and Recommendation of United States Magistrate Judge is **ADOPTED** as the opinion of the Court.

It is further **ORDERED** that Defendant's supervised release is hereby **REVOKED**.

It is further **ORDERED** that Defendant be committed to the custody of the Bureau of Prisons for a term of nine (9) months and forty-nine (49) days of imprisonment, with five (5) years of supervised release to follow.

The Court also imposes the special conditions set forth in the Report and Recommendation:

(1) You must provide the probation officer with access to any requested financial information for purposes of monitoring efforts to obtain and maintain lawful employment; (2) You must participate in any combination of psychiatric, psychological, or mental health treatment programs, and follow the rules and regulations of that program, until discharged. This includes taking any mental health medication as prescribed by your treating physician. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing; (3) You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense; (4) You must participate in sex offender treatment services. These services may include psycho-physiological testing (i.e., clinical polygraph, plethysmograph, and the ABEL screen) to monitor your compliance, treatment progress, and risk to the community. You must abide by all rules and regulations of the treatment program, until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any costs associated with treatment and testing. Should you fail to pay as directed, you must perform 3 hours of community service for each unpaid session; (5) You must not have direct or indirect contact with children under the age of 18 unless supervised by an adult approved by the probation officer; (6) You must not possess or view any images in any form of media or in any live venue that depicts sexually explicit conduct. For the purpose of this special condition of supervision, the term "sexually explicit conduct" is as defined under 18 U.S.C. § 2256(2)(A) and is not limited to the sexual exploitation of children; (7) You must provide the probation officer

with access to any requested financial information to determine if you have purchased, viewed, or possessed sexually explicit material; (8) You must submit to a search of your person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning unlawful conduct or a violation of your conditions of supervision; (9) You must not use or own any device (whether or not at your place of employment, residence, or elsewhere) that can be connected to the Internet or used to store digital materials other than that authorized by the probation officer. This includes, but is not limited to, desktop computers, laptops, PDA's, electronic games, and cellular telephones. You must not use any device other than the one you are authorized to use. You must allow the U.S. Probation Office to install software designed to monitor activities. This may include, but is not limited to, software that may record any and all activity on the computers you may use, including the capture of keystrokes, application information, Internet use history, e-mail correspondence, and chat conversations. You will pay any costs related to the monitoring of your computer usage; (10) You must not use or possess any gaming consoles (including, but not limited to, Xbox, Playstation, Nintendo), or devices without prior permission from the probation officer; (11) If you reside in a household where a computer is present (i.e., it belongs to a parent, spouse, roommate, etc.), the owner of the computer must agree to allow the U.S. Probation Office to install software designed to monitor computer activities on such computer. This may include, but is not limited to, software that may record any and all activity on any computer you may use in the residence, including the capture of keystrokes, application information, Internet use history, e-mail correspondence, and chat conversations. You will pay any costs related to computer monitoring. You must advise anyone in your household that may use any computer in question that monitoring software has

been installed; (12) You must not attempt to remove, tamper with, or in any way circumvent the monitoring software. You must not access any Internet Service Provider account or other online service using someone else's account, name, designation, or alias. You must disclose all on-line account information, including user-names and passwords, to the U.S. Probation Office. You must also, if requested, provide a list of all software/hardware on your computer, as well as telephone, cable, or Internet service provider billing records, and any other information deemed necessary by the probation office to monitor your computer usage; (13) You must not purchase, possess, have contact with, or use devices to include cellular telephones with photographic capability; cellular telephones with internet capability; laptop computers (other than a computer approved by the probation office which may be subject to monitoring); iPods; Personal Digital Assistants (PDAs); portable data storage devices such as thumb drives and Flash memory; or any other type of portable electronic device that is capable of communicating data via modem, wireless, or dedicated connection. You must also refrain from the purchase, possession, or use of digital cameras; digital recorders; or any other type of recording and/or photographic equipment; (14) You must reside in a residential reentry center or similar facility, in a prerelease component for a period of up to 180 days, to commence upon release from confinement, and shall observe the rules of that facility. Upon securing a suitable residence approved by the U.S. Probation Office, you shall be released from the facility. The subsistence requirement shall be waived while at the center, and you shall be required to save at least 25% of your gross income for the purpose of securing a personal residence and provide verification of such to the probation officer; and (15) You must participate in and complete a financial management class approved by the probation officer within the first six months of your release to supervision.

The Court also recommends that Defendant be housed in a Bureau of Prisons facility in Michigan, if appropriate.

**IT IS SO ORDERED.**

**SIGNED this 14th day of July, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE