IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:08-CR-085-ALM |
| | § | |
| ROBERT PETERSEN | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant Robert Petersen's ("Defendant") supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on May 10, 2021, to determine whether Defendant violated his supervised release. Defendant was represented by Brian O'Shea of the Federal Public Defender's Office. The Government was represented by Lesley Brooks.

Defendant was sentenced on June 9, 2009, before The Honorable Richard A. Schell of the Eastern District of Texas after pleading guilty to the offense of Possession of Sexually Explicit Visual Depictions of Minors, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 32 and a criminal history category of I, was 121 to 151 months. Defendant was subsequently sentenced to 120 months imprisonment followed by 5 years supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure; sex offender treatment and testing; no contact with minors; computer monitoring and restrictions, to include disclosing all on-line account information; portable electronic prohibition; Sex Offender Registration; restrictions from sexually explicit material; and a condition to search. On July 26, 2017, Defendant completed his period of imprisonment and began service of the supervision term. On June 5, 2017, Defendant's case was reassigned to the Honorable Amos L. Mazzant, and

Defendant's conditions were modified to include placement in a residential reentry center for a period of 180 days or until a residence was approved by the probation officer. On July 14, 2017, Defendant's conditions were again modified to include a condition for mental health treatment and a condition to comply with the Sex Offender Registration and Notification Act. On December 18, 2017, Defendant's conditions were modified to include an extension of placement in the residential reentry center, and that the subsistence requirement be waived while at the center. On June 11, 2018, Defendant's supervised release was revoked due to violations relating to purchasing, possessing and using and unauthorized cellular telephone with photo and internet capability to access the internet in May 2018. He was subsequently sentenced to 6 months imprisonment followed by 5 years supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure; mental health treatment; sex offender treatment and testing; no contact with minors; computer monitoring and internet restrictions, including disclosing all on-line account information; restrictions from gaming consoles; portable electronics prohibition; Sex Offender Registration; restrictions from sexually explicit material; 180 days in the residential reentry center, to include saving at least 25% of his gross income; a financial management class; and a condition to search. On November 13, 2018, Defendant completed his period of imprisonment and began service of the supervision term. On February 19, 2019, Defendant's supervised release was revoked due to violations relating to not being truthful with the probation officer regarding his Facebook account being deleted and possessing a smartphone or accessing the internet on multiple occasions since his release. He was subsequently sentenced to 12 months plus one day imprisonment followed by 5 years of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure; mental health treatment; sex offender treatment and testing; no contact with minors; computer monitoring and

internet restrictions, including disclosing all on-line account information; restrictions from gaming consoles; portable electronics prohibition; Sex Offender Registration; restrictions from sexually explicit material; 180 days in the residential reentry center, to include saving at least 25% of his gross income; a financial management class; and a condition to search. On November 22, 2019, Defendant completed his period of imprisonment and began service of the supervision term. On July 14, 2020, Defendant's term of supervision was again revoked due to violations relating to possessing a prohibited device and accessing the internet without authorization in February 2020. He was subsequently sentenced to 9 months and 49 days of imprisonment followed by 5 years of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure; mental health treatment; sex offender treatment and testing; no contact with minors; computer monitoring and internet restrictions, including disclosing all on-line account information; restrictions from gaming consoles; portable electronics prohibition; Sex Offender Registration; restrictions from sexually explicit material; 180 days in the residential reentry center, to include saving at least 25% of his gross income; a financial management class; and a condition to search. On March 2, 2021, Defendant completed his period of imprisonment and began service of the current supervision term at the residential reentry center in Tyler, Texas.

On April 23, 2021, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 98, Sealed]. The Petition asserts that Defendant violated five (5) conditions of supervision, as follows: (1) You must not use or own any device (whether or not at your place of employment, residence, or elsewhere) that can be connected to the Internet or used to store digital materials other than that authorized by the probation officer. This includes, but is not limited to, desktop computers, laptops, PDA's, electronic games, and cellular telephones. You must not use any device other than the one you are authorized to use. You must

allow the U.S. Probation Office to install software designed to monitor activities. This may include, but is not limited to, software that may record any and all activity on the computers you may use, including the capture of keystrokes, application information, Internet use history, e-mail correspondence, and chat conversations. You will pay any costs related to the monitoring of your computer usage. You must not purchase, possess, have contact with, or use devices to include cellular telephones with photographic capability; cellular telephones with internet capability; laptop computers (other than a computer approved by the probation office which may be subject to monitoring); iPods; Personal Digital Assistants (PDAs); portable data storage devices such as thumb drives and Flash memory; or any other type of portable electronic device that is capable of communicating data via modem, wireless, or dedicated connection. You must also refrain from the purchase, possession, or use of digital cameras; digital recorders; or any other type of recording and/or photographic equipment; (2) You must not attempt to remove, tamper with, or in any way circumvent the monitoring software. You must not access any Internet Service Provider account or other online service using someone else's account, name, designation, or alias. You must disclose all on-line account information, including user names and passwords, to the U.S. Probation Office. You must also, if requested, provide a list of all software/hardware on your computer, as well as telephone, cable, or Internet service provider billing records, and any other information deemed necessary by the probation office to monitor your computer usage; (3) You must not possess or view any images in any form of media or in any live venue that depicts sexually explicit conduct. For the purpose of this special condition of supervision, the term "sexually explicit conduct" is as defined under 18 U.S.C. § 2256(2)(A) and is not limited to the sexual exploitation of children. You must provide the probation officer with access to any requested financial information to determine if you have purchased, viewed, or possessed sexually explicit

material; (4) You must participate in sex offender treatment services. These services may include psycho-physiological testing (i.e., clinical polygraph, plethysmograph, and the ABEL screen) to monitor your compliance, treatment progress, and risk to the community. You must abide by all rules and regulations of the treatment program, until discharges. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any costs associated with treatment and testing. Should you fail to pay as directed, you must perform 3 hours of community service for each unpaid session; and (5) You must reside in a residential reentry center or similar facility, in a prerelease component for a period of up to 180 days, to commence upon release from confinement, and shall observe the rules of that facility. Upon securing a suitable residence approved by the U.S. Probation Office, you shall be released from the facility. The subsistence requirement shall be waived while at the center, and you shall be required to save at least 25% of your gross income for the purpose of securing a personal residence, and provide verification of such to the probation officer [Dkt. 98 at 1-4, Sealed].

The Petition alleges that Defendant committed the following acts: (1) On April 20, 2021, Defendant was found by residential reentry facility staff to be in possession of an unauthorized LG cellular "smartphone" tracfone with internet and photo capability. He later admitted to the probation officer that he purchased the phone approximately 3 weeks prior at a local Wal-mart and used it continually since the date of purchase; (2) Defendant was found to be in possession of and using an unauthorized, unmonitored LG cellular "smartphone" on April 20, 2021. Further investigation by the probation officer revealed the phone contained the Facebook "app" which was actively logged into a private Facebook profile under the profile name "Kevin Miller" with an active advertisement for a pornography studio seeking applicants to produce pornographic movies in exchange for money. Defendant also later admitted to creating an account on a website for

REPORT AND RECOMMENDATION – Page 5

"Sexy Jobs", in which he creating a pornographic film studio advertisement for the purpose of soliciting adult females for pornographic photos under the guise of auditioning for porn films; (3) The "smartphone" possessed by Defendant contained approximately 100 images of nude women in various lewd and/or pornographic poses, which he admitted to obtaining via the false advertisement to hire porn actors, upon which various women answering the ad would send him the described photos of themselves along with a photo of their driver's license or identification; (4) On April 22, 2021, Defendant was discharged unsuccessfully from sex offender treatment, as reported by the sex offender treatment provider, due to failing to comply with the rules and conditions of the program; and (5) On April 20, 2021, Defendant was found to be in violation of the rules of the residential reentry center, and the probation officer was informed by reentry center facility staff that he will be discharged unsuccessfully from the reentry center for failing to observe the rules of the facility [Dkt. 98 at 1-3, Sealed].

Prior to the Government putting on its case, Defendant entered a plea of true to allegation 1 of the Petition. The Government dismissed the remaining allegations, specifically allegations 2 through 5. Having considered the Petition and the plea of true to allegation 1, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court [Dkt. 111].

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of nine (9) months plus one hundred twenty-one (121) days (to be served

in lieu of his unserved community conferment time), with a term of supervised release of five (5) years to follow.

The Court further recommends the reimposition of the following special conditions: (1) You must provide the probation officer with access to any requested financial information for purposes of monitoring efforts to obtain and maintain lawful employment; (2) You must participate in any combination of psychiatric, psychological, or mental health treatment programs, and follow the rules and regulations of that program, until discharged. This includes taking any mental health medication as prescribed by your treating physician. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing; (3) You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense; (4) You must participate in a sex offender treatment program. You must abide by all rules and regulations of the treatment program, until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any costs associated with treatment and testing. Should you fail to pay as directed, you must perform 3 hours of community service for each unpaid session; (5) You must submit to periodic polygraph testing at the discretion of the probation officer as a means to ensure that you are in compliance with the requirements of your supervision or treatment program and pay any costs associated with testing as required by the U.S. Probation Office; (6) You must participate in visual response testing as part of the required participation in a sex offense specific assessment and/or treatment; (7) You must not have direct or indirect contact with children under the age of 18 unless supervised by an adult approved by the

probation officer; (8) You must not possess or view any images in any form of media or in any live venue that depicts sexually explicit conduct. For the purpose of this special condition of supervision, the term "sexually explicit conduct" is as defined under 18 U.S.C. § 2256(2)(A) and is not limited to the sexual exploitation of children. You must provide the probation officer with access to any requested financial information to determine if you have purchased, viewed, or possessed sexually explicit material; (9) You must not use or own any device (whether or not at your place of employment, residence, or elsewhere) that can be connected to the Internet or used to store digital materials other than that authorized by the probation officer. This includes, but is not limited to, desktop computers, laptops, PDA's, electronic games, and cellular telephones. You must not use any device other than the one you are authorized to use. You must allow the U.S. Probation Office to install software designed to monitor activities. This may include, but is not limited to, software that may record any and all activity on the computers you may use, including the capture of keystrokes, application information, Internet use history, e-mail correspondence, and chat conversations. You will pay any costs related to the monitoring of your computer usage; (10) You must not use or possess any gaming consoles (including, but not limited to, Xbox, Playstation, Nintendo), or devices without prior permission from the probation officer; (11) If you reside in a household where a computer is present (i.e., it belongs to a parent, spouse, roommate, etc.), the owner of the computer must agree to allow the U.S. Probation Office to install software designed to monitor computer activities on such computer. This may include, but is not limited to, software that may record any and all activity on any computer you may use in the residence, including the capture of keystrokes, application information, Internet use history, e-mail correspondence, and chat conversations. You will pay any costs related to computer monitoring. You must advise anyone in your household that may use any computer in question

that monitoring software has been installed; (12) You must not attempt to remove, tamper with, or in any way circumvent the monitoring software. You must not access any Internet Service Provider account or other online service using someone else's account, name, designation, or alias. You must disclose all on-line account information, including user names and passwords, to the U.S. Probation Office. You must also, if requested, provide a list of all software/hardware on your computer, as well as telephone, cable, or Internet service provider billing records, and any other information deemed necessary by the probation office to monitor your computer usage; (13) You must not purchase, possess, have contact with, or use devices to include cellular telephones with photographic capability; cellular telephones with internet capability; laptop computers (other than a computer approved by the probation office which may be subject to monitoring); iPods; Personal Digital Assistants (PDAs); portable data storage devices such as thumb drives and Flash memory; or any other type of portable electronic device that is capable of communicating data via modem, wireless, or dedicated connection. You must also refrain from the purchase, possession, or use of digital cameras; digital recorders; or any other type of recording and/or photographic equipment; (14) You must submit to a search of your person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning unlawful conduct or a violation of your conditions of supervision; (15) You must reside in a residential reentry center or similar facility, in a prerelease component for a period of up to 180 days, to commence upon release from confinement, and shall observe the rules of that facility. Upon securing a suitable residence approved by the U.S. Probation Office, you shall be released from the facility. The subsistence requirement shall be waived while at the center, and you shall be required to save at least 25% of your gross income for the purpose of securing a

personal residence and provide verification of such to the probation officer; and (16) You must participate in and complete a financial management class approved by the probation officer within the first six months of your release to supervision.

The Court also recommends that Defendant be housed in the Bureau of Prisons facility in Milane, Michigan, if appropriate.

**SIGNED this 4th day of June, 2021.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE